

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSEPH J. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:05-841-HFF-JRM |
| | § | |
| CAPTAIN JOHN COKLEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING THE CASE**

## I.    INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The Plaintiff is proceeding *pro se.* This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

## II.    MAGISTRATE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

1

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or may recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

U.S. Magistrate Judge Joseph R. McCrorey filed a Report recommending that this Court dismiss Plaintiff's suit *without prejudice* and without issuance and service of process.  Judge McCrorey based this recommendation on the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Court held that a prisoner may not bring a § 1983 action which necessarily implicates the validity of his conviction unless he can show that his conviction has been reversed on direct appeal, set aside by a state tribunal, expunged by executive authority, or called into question by a federal court's issuance of a writ of *habeas corpus.  Id.* at 486-87.  Plaintiff was apprised of his right to object to the Report, and he filed objections on April 27, 2005.  Plaintiff's objections attacked the Report's application of *Heck* to his claims and noted that not all of his claims implicated the validity of his conviction.

## III.    DISCUSSION

### A.      Application of *Heck*

*Heck* laid down the general principle restricting § 1983 actions which implicate the validity of a still-valid conviction.  *Heck* also, however, mandated that a "district court . . . consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence."  *Id.* at 487 (emphasis added).  "If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*  As the United States Court of Appeals for the Fourth Circuit has explained, "The logical *necessity* that the judgment in the case imply the invalidity of a criminal conviction is at the heart of the *Heck*

2

requirement for dismissal of the § 1983 action." *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003). Thus, in the instant case, the viability of Plaintiff's claims turns on whether they necessarily implicate the validity of his conviction.

Plaintiff's claims here all stem from his arrest for drug trafficking. Specifically, Plaintiff claims that (1) he was arrested without a warrant, (2) he was not properly given *Miranda* warnings, (3) the search warrant for his home was not supported by probable cause, (4) his bail was excessive, and (5) the officers searching his house failed to secure the premises so that property was stolen and/or the officers illegally removed personal property belonging to Plaintiff during the course of their search.

The first three claims of Plaintiff necessarily implicate the validity of his conviction. As the Court of Appeals has noted,

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply, and the claim would have to be dismissed[.]

*Id.* at 846 (emphasis in original). This reasoning mandates the dismissal of Plaintiff's second claim and forecloses Plaintiff's first and third claims by implication. *See Payton v. New York*, 444 U.S. 573 (1980) (holding arrest in home without search warrant is unreasonable); *Miranda v. Arizona*, 384 U.S. 436 (1966) (holding statements made without *Miranda* warnings are inadmissible).

However, Plaintiff's third and fourth claims, namely his claim of excessive bail and his claim for damages as a result of negligence or wilful theft by the officers, do not necessarily implicate the validity of his conviction. In *Heck*, the Supreme Court emphasized that "necessarily" is to be

interpreted quite literally when determining whether a § 1983 action calls into question the validity of a conviction:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the Plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n.7 (citations omitted; emphasis in the original).  In the instant case, the Court cannot say that a judgment for Plaintiff against police officers who either negligently allowed his property to be stolen or who stole the property themselves would necessarily implicate the validity of Plaintiff's underlying conviction.  This conclusion is supported by the steps Plaintiff has taken to separate his plea for recovery for lost property from those pleas which attack the validity of his arrest and the seizure of property for his criminal prosecution.  *See* Complaint at 5; Objections at 2. Similarly, an award of damages for excessive bail would not be barred by *Heck*.

**B.     Excessive Bail Claim**

Although Plaintiff's claim for excessive bail survives *Heck*, it nonetheless must be dismissed. To present an actionable claim for excessive bail, a plaintiff must name a defendant who was involved in the process by which the plaintiff's bail was set.  *See Almond v. Kent*, 459 F.2d 200, 204 (4th Cir. 1972) (dismissing claim for excessive bail where there was no allegation that defendant played a part in setting plaintiff's bail).  Here, the only defendant alleged to be involved in setting Plaintiff's bail was Magistrate Peggy Davis.  Magistrate Davis, however, is entitled to absolute immunity as a judicial officer.  *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S.

4

349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (involving a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (holding immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991) (finding safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (stating that absolute immunity "is an immunity from suit rather than a mere defense to liability"). Thus, Plaintiff's claim for excessive bail must be dismissed.

### C.     Missing/Stolen Property Claim

Plaintiff's claim for missing or stolen property likewise survives *Heck*, but it founders on the public duty doctrine. Under this doctrine, public officials are "not liable to individuals for their negligence in discharging public duties as the duty is owed to the public at large rather than to anyone individually." *Florida Auto Auction of Orlando, Inc. v. United States*, 74 F.3d 498, 502 (4th Cir. 1996) (internal punctuation omitted). An exception to the doctrine occurs when an officer owes a special duty to an individual. A special duty, in turn, will arise when:

> (1) an essential purpose of a statute is to protect against a particular kind of harm; (2) a statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not cause that harm; (3) the class of persons a statute intends to protect is identifiable before the fact; (4) the plaintiff is a person within the protected class; (5) the public officer knows or has reason to know of the likelihood of harm to members of the class if he fails to do his duty; and (6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

*Id.* at 503.

Here, Plaintiff has alleged that defendant police officers were negligent in protecting his property during and after the search of his home. Clearly, the public duty doctrine applies to foreclose this claim. Moreover, nothing in the record indicates that any of the exceptions to the doctrine have been met. Thus, the public duty doctrine bars Plaintiff's property damage claim.[1]

## IV.     CONCLUSION

Based on the foregoing, the Court incorporates and adopts the Report to the extent that it does not contradict this Order. The Court finds that Plaintiff's case should be, and hereby is, **DISMISSED** *without prejudice.*

**IT IS SO ORDERED.**

Signed this 29th day of September, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Although the invocation of the public duty doctrine requires a partial evidentiary inquiry by the Court, the Court is permitted to make this inquiry at this stage of litigation. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 954-55 (4th Cir. 1995) (en banc); *Brown v. Briscoe*, 998 F.2d 201, 203-04 (4th Cir. 1993).